A06A1203. LEONARD v. THE STATE.
(635 SE2d 795)

MILLER, Judge.

A Douglas County jury found Antone Denard Leonard guilty of three counts of financial transaction card theft, OCGA § 16-9-31, one count of theft by receiving stolen property, OCGA § 16-8-7, and one count of misdemeanor possession of marijuana, OCGA § 16-13-30 (a). On appeal, Leonard contends that the trial court erred (i) in denying his motion to suppress, (ii) in charging the jury on financial transaction card theft, and (iii) in entering judgments of conviction and sentences on all three counts of financial transaction card theft. Leonard also claims that the evidence was insufficient to support his convictions for financial transaction card theft. Finding no reversible error, we affirm.

Viewed in a light most favorable to the jury's verdict, the evidence shows that shortly after midnight on March 17, 2004, a Douglasville police officer saw a car traveling on Highway 78 in Douglas County that he believed was speeding. The officer stopped the car and asked the driver, Leonard, for his driver's license and insurance card. Leonard responded that he had a driver's license, but that the car was rented. The rental agreement showed that the rental period expired approximately two weeks earlier.

The officer requested that Leonard step out of the car and then performed a pat-down of Leonard's person. During the pat-down, the officer saw marijuana sticking out of the top of Leonard's underwear. The officer placed Leonard under arrest and then searched the car, in which he found a driver's license, credit cards, and a check card in the name of Stacy Hommes. At trial, Hommes confirmed that the cards found in Leonard's rental vehicle belonged to her and that she had not given Leonard permission to use or possess them.

1. Leonard claims that the trial court erred in denying his motion to suppress because the detaining officer was not authorized to conduct a pat-down. We disagree.

"Under *Terry* [*v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)], a law enforcement officer, for his own protection and safety, may conduct a pat[-]down to find weapons that he reasonably believes or suspects are then in the possession of the person he has accosted." (Citation and punctuation omitted.) *Hodges v. State*, 217 Ga. App. 806, 808 (2) (460 SE2d 89) (1995). Leonard argues that

because he was not aggressive or threatening during the encounter that the pat-down was not justified. See, e.g., *Edgell v. State*, 253 Ga. App. 775, 778 (560 SE2d 532) (2002) (officer not justified in patting down the defendant where officer testified he had no fear that the defendant was armed and the officer always patted down persons he asked to exit a car).

We review the trial court's application of the law to undisputed facts de novo where, as here, the evidence presented at a hearing on a motion to suppress is uncontroverted and there are no questions of credibility. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). So viewed, the evidence shows that the officer became concerned for his safety during the course of the traffic stop, including a concern for the presence of weapons. In particular, the officer noted that Leonard went into the car's glove compartment more than once while searching for the rental agreement; Leonard was uncooperative, initially refusing to exit his vehicle and then failing to move to the rear of the vehicle when directed to do so; and Leonard reached for his waistband while glaring at the officer, causing the officer to fear the possible presence of a weapon or physical violence.

Under the circumstances, the officer reasonably believed or suspected that Leonard was armed and was therefore justified in performing a pat-down to find weapons. See *Hodges*, supra, 217 Ga. App. at 808 (2) (question is whether "a reasonably prudent man in the circumstances would be warranted in the belief that his safety . . . was in danger") (citation omitted); *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991) (appellant could have pulled a weapon from the console of his vehicle, notwithstanding his explanation for opening the console, and officer was authorized to conduct a pat-down to determine if appellant was armed). Accordingly, the trial court did not err in denying Leonard's motion to suppress.

2. Leonard claims the evidence was insufficient to support his conviction of three counts of financial transaction card theft. We disagree.

OCGA § 16-9-31 provides, in pertinent part, that a person commits the crime of financial transaction card theft when "[h]e takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent." The three counts of the accusation omitted the "tak[ing]" portion of the crime, and were drawn to allege that Leonard "did unlawfully obtain and withhold a financial transaction card in Douglas County." Leonard argues that the State's evidence did not show that he obtained the cards in Douglas County as alleged. See, e.g., *Coursey v. State*, 196 Ga. App. 135, 136-137 (2) (395 SE2d 574) (1990) (conviction reversed where defendant was charged with unlawfully obtaining a financial transaction card in Gwinnett County when the

evidence showed the card was stolen outside the county). He further argues that the evidence did not show that he withheld the cards within the meaning of the statute. Assuming, without deciding, that Leonard's conviction must rest on the withholding allegation, the evidence was nevertheless sufficient to support his conviction.

"Withholding is a species of taking, that is, once the card is obtained it is retained as opposed to being returned. . . . Retention which is criminal is retention with criminal intent." *Thomas v. State*, 176 Ga. App. 771, 774 (3) (337 SE2d 344) (1985). Hommes testified that she worked as a graphic designer, and that she kept her purse and wallet in a cubby-hole near a big table where she could sit and talk with customers. On the day her wallet disappeared, Hommes saw Leonard entering her department by himself, decline assistance, walk around, and then sit at the table. Under the circumstances, the jury could conclude that Leonard took Hommes's wallet at her workplace and was deliberately withholding her financial transaction cards "in opposition to the possessory rights of the cardholder" when he was apprehended in Douglas County early the next morning. See id. Accordingly, we conclude that any rational trier of fact could have found Leonard guilty beyond a reasonable doubt of financial transaction card theft. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Leonard contends that the trial court committed reversible error in charging the jury. The trial court first instructed the jury, consistent with OCGA § 16-9-31 (b), that "taking, obtaining, or withholding a financial transaction card without the consent of the cardholder or issuer is included in conduct defined in Code Section 16-8-2 as the offense of theft by taking," and then charged the language of OCGA § 16-8-2. Leonard was not accused of theft by taking, nor of committing financial transaction card theft by taking the cards, but by obtaining and withholding the cards. Thus, Leonard argues, he has shown error because "the indictment specifies the commission of a crime by only one of several methods possible under the statute[,] and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment." *Levin v. State*, 222 Ga. App. 123, 126-127 (6) (473 SE2d 582) (1996). We disagree.

In this case, the trial court omitted the word "takes" from the statutory definition of the crime and instructed the jury, consistent with the accusation, that "a person commits the offense of financial transaction card theft when he obtains or withholds a financial transaction card from the control of another without the cardholder's consent." See OCGA § 16-9-31 (a) (1). Although the trial court's reference to theft by taking was misplaced, the trial court also read the accusation to the jury, which properly excluded any reference to

theft, and instructed the jury that the State had the burden of proving every material allegation of the accusation and every essential element of the crimes charged beyond a reasonable doubt. Under the circumstances, "[t]he charge, when considered in its entirety, fairly instructed the jurors that they could convict the defendant only of the offense with which he was charged in the indictment." See *Lumpkin v. State*, 249 Ga. 834, 836-837 (2) (295 SE2d 86) (1982). Accordingly, we find no reversible error.

4. Lastly, Leonard contends that the trial court erred by entering judgment of conviction and sentences on all three counts of financial transaction card theft. This contention is controlled adversely to Leonard by *Middlebrooks v. State*, 277 Ga. App. 551 (627 SE2d 154) (2006). "As each withheld card was distinct and bore a different number or expiration date, it was not error to [convict Leonard for] a separate count of financial transaction card theft, i.e., 'withhold(ing) *a* financial transaction *card*,' for each card withheld." (Citation omitted; emphasis in original.) Id. at 554 (2).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 17, 2006.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Thomas R. Thompson, Assistant District Attorneys*, for appellee.