[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13563
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00072-JES-UAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HERRERA-LOPEZ,
a.k.a. Manuel Lopez Herrera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 7, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Manuel Herrera-Lopez appeals his 42-month sentence, imposed for illegal re-entry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Herrera-Lopez challenges the district court's application of a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his illegal re-entry into the United States after being removed following a sexual-battery conviction under Florida state law. Herrera-Lopez argues that, because his offense under § 794.011(4)(e), Florida Statutes, did not require physical force, it should not be classified as a "forcible sex offense[]" under § 2L1.2's commentary, and, thus, it does not automatically qualify as a "crime of violence." He adds that interpreting "forcible sex offenses" to include all non-consensual illicit conduct renders the commentary's enumerated "statutory rape" category superfluous. After review,[1] we affirm Herrera-Lopez's sentence.

The Sentencing Guidelines provide for a 16-level increase in the offense level if a defendant previously was removed from the United States following a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" is explicitly defined in § 2L1.2's Application Note 1(B)(iii) to include several enumerated offenses, including federal, state, or local "forcible sex offenses." § 2L1.2, comment. (n.1(B)(iii)). A

---

[1] We review *de novo* a district court's determination that a prior conviction qualifies as a "crime of violence" under § 2L1.2. *United States v. Contreras*, 739 F.3d 592, 594 (11th Cir. 2014).

parenthetical reference in the commentary immediately following that term describes it as "(including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is . . . incompetent . . . )." *Id.* In 2008, Amendment 722 to the Sentencing Guidelines clarified this language was inserted to expressly include within the enumerated "forcible sex offenses" category, contrary to some circuits' holdings, sex offenses involving legally invalid consent. U.S.S.G. App. C, Amendment 722, Reason for Amendment. The Sentencing Commission further stated that "[t]he amendment makes clear that forcible sex offenses, like all offenses enumerated in Application Note 1(B)(iii), are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" *Id.* (quotation omitted). The § 2L1.2 commentary is "authoritative," and we are bound by it unless it violates federal law or is otherwise inconsistent with, or a plainly erroneous reading of, the corresponding guideline provision. *United States v. Contreras*, 739 F.3d 592, 594 (11th Cir. 2014).

We have held a felony conviction qualifies as a crime of violence under § 2L1.2 if the defendant was convicted under any offense enumerated in its commentary. *Id.* at 595. The label a state attaches to an offense is not conclusive as to whether it qualifies as an enumerated offense under § 2L1.2, and we must

determine if the conviction offense is equivalent to the generic definition of the crime enumerated in the commentary. *United States v. Palomino Garcia*, 606 F.3d 1317, 1330-31 (11th Cir. 2010). In doing so, we ordinarily employ a categorical approach, and, to that end, evaluate only the judgment of conviction and the conviction offense's statutory definition. *Id.* at 1328.

The Florida statutory offense listed in Herrera-Lopez's judgment prohibits a person from "commit[ting] sexual battery upon a person 12 years of age or older without that person's consent" under a variety of aggravating circumstances. § 794.011(4), Fla. Stat. The subsection listed in his judgment prohibits the conduct, "when the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact." *Id.* § 794.011(4)(e). "Mentally defective" is defined as "a mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature of his or her conduct." *Id.* § 794.011(1)(b). "Sexual battery" is defined to include "union" with the sexual organ of another. *Id.* § 794.011(1)(h). The Florida standard jury instructions for sexual battery explicitly state that "union" means contact. *See* Fla. Std. Jury Instr. (Crim.) 11.3.

In *Contreras*, we interpreted § 794.011(5), which applies only to sexual battery that "does not use physical force and violence likely to cause serious personal injury." § 794.011(5), Fla. Stat.; *Contreras*, 739 F.3d at 595. We

4

concluded the offense qualified as a forcible sex offense under Application Note 1(B)(iii), and, thus, as a "crime of violence" under § 2L1.2.  *Contreras*, 739 F.3d at 598.  In so doing, we reasoned that any non-consensual sexual contact, including unlawful "union," was expressly included within Application Note 1(B)(iii)'s "forcible sex offense[]" category by virtue of its parenthetical language describing forcible sex offenses to include conduct "where consent . . . is not given."  *Id.* at 594-98.  The Florida Legislature has expressly indicated that § 794.011(5) is "the least serious sexual battery offense" in the Florida sexual-battery statute and is "necessarily included" in all offenses listed in § 794.011(4), including § 794.011(4)(e).  § 794.005, Fla. Stat.

The district court did not err in applying a 16-level increase pursuant to § 2L1.2(b)(1)(A)(ii).  Section 2L1.2's commentary explicitly describes enumerated "forcible sex offenses" to include those like Herrera-Lopez's, where consent to the conduct was legally invalid.  Because his conviction meets this express criterion, it automatically qualifies as a "crime of violence."

**AFFIRMED.**

5