[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14335
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00257-AT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEQUAVIOUS JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 21, 2014)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Dequavious Johnson, a federal prisoner, appeals his 70-month sentence after pleading guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Mr. Johnson argues that the residual clause in U.S.S.G. § 4B1.2(a)(2) defining a "crime of violence" is unconstitutionally vague. Mr. Johnson further asserts that "robbery by sudden snatching" is not a "crime of violence." He acknowledges that our precedent forecloses both of these arguments and only intends to preserve them for consideration by this Court sitting *en banc* or the Supreme Court. We affirm.

We review constitutional sentencing issues *de novo*. *See United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014). We also review *de novo* whether a prior conviction qualifies as a "crime of violence" under the sentencing guidelines. *See United States v. Contreras*, 739 F.3d 592, 594 (11th Cir. 2014).

The standard base offense level for a violation of § 922(g)(1) is 14, *see* U.S.S.G. § 2K2.1(a)(6)(A), but is increased to 20 if the defendant committed the instant offense "subsequent to sustaining one felony conviction . . . of a crime of violence." *See* § 2K2.1(a)(4)(A). "Crime of violence" is defined, in relevant part, in U.S.S.G. § 4B1.2 as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. §

2

4B1.2(a) (emphasis added). The residual clause in § 4B1.2(a)(2) (emphasized above) is at issue here.

"[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). As acknowledged by Mr. Johnson, our prior precedent forecloses his argument that the residual clause is unconstitutionally vague.

The definitions of "crime of violence" under the Sentencing Guidelines and "violent felony" under the Armed Career Criminal Act (ACCA) contain virtually identical residual clauses. *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (explaining that the definitions of "violent felony" and "crime of violence" are "virtually identical" and considering whether a crime is a "violent felony" is similar to considering whether a crime is a "crime of violence").

Several years ago, the Supreme Court rejected the argument that the residual clause of the ACCA is unconstitutionally vague. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007). The Court stated that the "requirement that an unenumerated crime 'otherwise involve conduct that presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits." *Id.* In *Sykes v. United States*, 564 U.S. __, 131 S.Ct. 2267, 2277 (2011) (citation and quotation marks omitted),

3

the Supreme Court similarly noted that ACCA's residual clause "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law. Although this approach may at times be more difficult for courts to implement, it is within congressional power to enact." We too have concluded that the residual clause of the ACCA is not unconstitutionally vague. *See United States v. Gandy*, 710 F.3d 1234, 1239 (11th Cir. 2013).

Mr. Johnson's argument that "robbery by sudden snatching" does not fit into the definition of a "crime of violence" is similarly foreclosed by analogous precedent. Although have not held explicitly that the residual clause of U.S.S.G. § 4B1.2(a)(2) includes "robbery by sudden snatching," we have held that "robbery by sudden snatching" is a "violent felony" under the residual clause of the ACCA. *See United States v. Welch*, 683 F.3d 1304, 1312-13 (11th Cir. 2012). In *Welch*, we concluded that "robbery by sudden snatching" presents "a serious risk of physical injury to another." *Id.* at 1312.

Based on Supreme Court and Eleventh Circuit precedent, we reject Mr. Johnson's argument that the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague. We also conclude, under our analogous precedent, that the district court properly calculated the base offense level as 20 because Mr. Johnson's prior felony conviction of "robbery by sudden snatching" constitutes a "crime of violence." Accordingly, we affirm.

4

**AFFIRMED.**