[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10323
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00315-MHC-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR DE LA O-GALLEGOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 7, 2016)

Before WILLIAM PRYOR, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Defendant Victor De La O-Gallegos appeals his 18-month sentence imposed

after he pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C.

§ 1326(a) and (b)(2).  On appeal, Defendant argues that the district court erred by imposing an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C), for being deported following a conviction for an aggravated felony.  After careful review, we affirm.

## I.  BACKGROUND

Defendant, a native and citizen of Mexico, entered the United States illegally for the first time in approximately 2001.  Shortly thereafter, he was convicted in Georgia in 2006 of two counts of financial transaction card theft, in violation of O.C.G.A. § 16-9-31.  In October 2013, Defendant was removed to Mexico following a conviction for improper entry by an alien.  He later illegally reentered the United States and was discovered by law enforcement officers in June 2015.  He subsequently pled guilty to the present offense of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).

The Presentence Investigation Report ("PSR") assigned Defendant a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a).  Defendant also received an eight-level enhancement under § 2L1.2(b)(1)(C) because he was previously deported after being convicted of an aggravated felony.  The PSR stated that Defendant's 2006 conviction for financial transaction card theft in Georgia was an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).  With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 13.  Based on

a total offense level of 13 and a criminal history category of IV, Defendant's advisory guideline range was 24 to 30 months' imprisonment.

Defendant objected to the imposition of the eight-level enhancement, arguing that his conviction for financial transaction card theft was not an aggravated felony.[1]  In particular, he asserted that his conviction did not meet the elements of a generic theft offense under the modified categorical approach. Because his conviction was for obtaining and withholding the card without the owner's consent, it did not qualify as a generic theft offense because it did not contain as an element the intent to deprive the owner of the rights and benefits of ownership.

At sentencing, Defendant reiterated his argument that his conviction for financial transaction card theft was not an aggravated felony.  The district court overruled Defendant's objection, concluding that the statute met the generic definition of theft and therefore qualified as an aggravated felony.  Specifically, the district court stated that the statute was divisible, and that under the modified categorical approach, the portion of the statute under which Defendant was convicted had the requisite intent element found in the generic definition of theft because it required an intent to exercise control over property without the owner's consent.  With the acquiescence of the Government, the district court granted

---

[1]  Defendant also argued that his conviction was not an aggravated felony because it was a conviction for fraud, and not theft.  He later waived this argument at the sentencing hearing.

3

Defendant's request for a downward departure in his criminal history category to a level III. After calculating a new guideline range of 18 to 24 months' imprisonment, the district court sentenced Defendant to 18 months' imprisonment, with credit for two months spent in the custody of Immigration and Customs Enforcement. This appeal followed.

## II. DISCUSSION

We review whether Defendant's Georgia conviction qualifies as an aggravated felony for purposes of U.S.S.G. § 2L1.2 *de novo*. *United States v. Ayala-Gomez*, 255 F.3d 1314, 1316 (11th Cir. 2001).

We typically apply the categorical approach to determine whether a prior conviction qualifies as a predicate offense for sentencing enhancement purposes. *See United States v. Contreras*, 739 F.3d 592, 594 (11th Cir. 2014). This approach calls for us to "look only at the fact of conviction and the statutory definition to determine whether a conviction under the statute would necessarily constitute" an aggravated felony. *Id.* (quotations omitted). In some instances, where a statute is divisible, meaning that the statute covers some conduct that is within, and other conduct that is broader than the predicate offense set forth in the Guidelines, we apply the modified categorical approach. *See Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2283–84 (2013) (explaining that a divisible statute sets out one or more elements of the offense in the alternative, where some alternatives

4

correspond to the generic offense and others do not).  Under the modified categorical approach, we are permitted to look at certain documents, including the indictment and plea agreement, to determine which alternative element formed the basis of the defendant's prior conviction.  *United States v. Estrella*, 758 F.3d 1239, 1246–47 (11th Cir. 2014).

Section 2L1.2 of the Sentencing Guidelines provides a base offense level of 8 for a defendant who is convicted of illegal reentry into the United States.  U.S.S.G. § 2L1.2(a).  A defendant is subject to an additional eight-level enhancement if he was previously deported after a conviction for an aggravated felony.  *Id.* § 2L1.2(b)(1)(C).  The commentary defines the term aggravated felony by cross-referencing the definition of that term as it is defined in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43).  U.S.S.G. § 2L1.2, comment. (n.3(A)).

As relevant to the present case, the term aggravated felony includes "a theft offense . . . for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G).  In the immigration context, we have applied the Board of Immigration Appeals' definition of "a theft offense," which is defined as "the taking of, or exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent."  *Vassell v. U.S. Att'y Gen.*, 825

5

F.3d 1252, 1256 (11th Cir. 2016); *Ramos v. U.S. Att'y Gen.*, 709 F.3d 1066, 1069–70 (11th Cir. 2013); *see also Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1353 (11th Cir. 2005).

The Georgia statute under which Defendant was convicted provides that a person commits the offense of financial transaction card theft when:

> (1) He takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent; or who, with knowledge that it has been so taken, obtained, or withheld, receives the financial transaction card with intent to use it or to sell it or to transfer it to a person other than the issuer or the cardholder;
>
> (2) He receives a financial transaction card that he knows to have been lost, mislaid, or delivered under a mistake as to the identity or address of the cardholder and he retains possession with intent to use it or sell it or to transfer it to a person other than the issuer or the cardholder;
>
> (3) He, not being the issuer, sells a financial transaction card or buys a financial transaction card from a person other than the issuer; or
>
> (4) He, not being the issuer, during any 12 month period receives two or more financial transaction cards in the names of persons which he has reason to know were taken or retained under circumstances which constitute a violation of paragraph (3) of subsection (a) of Code Section 16-9-33 and paragraph (3) of this subsection.

O.C.G.A. § 16-9-31(a).

To determine whether we should apply the categorical or modified categorical approach, we must first determine whether the Georgia statute is divisible. The parties agree that the statute is divisible. Indeed, a plain reading of the statute reveals that the statute contains four subsections that set forth several

different ways to commit financial transaction card theft. *See Estrella*, 758 F.3d at 1246 ("[C]ourts should usually be able to determine whether a statute is divisible by simply reading its text and asking if its elements or means are drafted in the alternative." (quotations omitted)). In turn, some of those subsections provide multiple, alternative ways that each subsection can be violated. One of the ways the statute can be violated—taking the financial transaction card of another without consent and with intent to use it or sell it to someone other than the issuer—clearly meets the generic definition of theft. *See* O.C.G.A. § 16-9-31(a)(1). Contrarily, another alternative—buying a financial transaction card from a person who is not the issuer under § 16-9-31(a)(3)—does not meet the generic definition of theft because it does not involve the "taking of . . . or exercise of control over, property without consent whenever there is criminal intent to deprive the owner of the rights and benefits of ownership." *See id.* § 16-9-31(a)(3); *Vassell*, 825 F.3d at 1256. Because the statute sets out several offenses in the alternative, some of which meet the generic definition of theft, and others that do not, we agree with the parties that the statute is divisible. *See United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015) (explaining that a statute is divisible when it "effectively create[s] several different crimes" (quotations omitted) (alteration in original)).

Having determined that the statute is divisible, we may now apply the modified categorical approach, which permits us to look at certain documents to

7

determine whether Defendant was convicted of one of the statutory subsections that meets the generic definition of theft. *See Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2249 (2016) ("Under [the modified categorical] approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."). The documents we are permitted to look to show that Defendant pled guilty in 2006 to two counts of financial transaction card theft, in violation O.C.G.A. § 16-9-31.[2]  Counts one and two of the criminal accusation (or charging document) state that Defendant did "unlawfully, knowingly obtain and withhold without the consent of the cardholder the following financial transaction card . . . having been issued to . . . [the] cardholder and from whose possession, custody and control the said card was obtained and withheld."  Comparing the language of the criminal accusation to the statute, it is evident that Defendant was convicted of § 16-9-31(a)(1). *See* O.C.G.A. § 16-9-31(a)(1) (providing that a person commits financial transaction card theft if he "takes, obtains, or withholds a financial transaction card from the

---

[2] Defendant was sentenced to three years' confinement on each count, but was permitted to serve the sentence on probation.  Defendant does not challenge whether the length of his sentence meets the aggravated felony definition, which requires a sentence of at least one year of imprisonment.  8 U.S.C. § 1101(a)(43)(G).  Regardless, his three-year sentence of confinement, which he was permitted to serve on probation, meets the requirement that the term of imprisonment is at least one year. *See United States v. Christopher*, 239 F.3d 1191, 1193 (11th Cir. 2001) (explaining that a theft offense qualifies as an aggravated felony, so long as the sentence imposed is at least one year of imprisonment, regardless of whether the sentence is ultimately suspended).

person, possession, custody, or control of another without the cardholder's consent").

Defendant argues that the offense charged in both counts of the criminal accusation—obtaining or withholding a card without the owner's consent—does not qualify as a generic theft offense because it does not require the intent to deprive the owner of the rights and benefits of ownership.  The Georgia courts, however, have interpreted § 16-9-31(a)(1) as requiring an intent "to retain the card in opposition to the possessory right of the cardholder."  *See Thomas v. State*, 337 S.E. 2d 344, 347 (Ga. Ct. App. 1985); *see also Leonard v. State*, 635 S.E. 2d 795, 797 (Ga. Ct. App. 2006) (concluding that sufficient evidence supported conviction for withholding a financial transaction card because the jury could conclude from the evidence that the defendant withheld the card "in opposition to the possessory rights of the cardholder." (quotations omitted)).  Moreover, Georgia courts have interpreted the criminal act of withholding to mean that the card is "deliberately kept in contravention to the cardholder's right."  *See Thomas*, 337 S.E. 2d at 347.

We discern no meaningful difference between retaining "the card in opposition to the possessory right of the cardholder," and the generic definition of theft, which requires exercising control over property with the "criminal intent to deprive the owner of the rights and benefits of ownership."  *Compare id.*, *with Vassell*, 825 F.3d at 1256.  Retention of the card in opposition to the possessory

9

rights of the cardholder deprives the owner of at least some rights of ownership and the generic definition of theft provides that the deprivation of ownership rights need not be total or permanent. *See Vassell*, 825 F.3d at 1256. In short, because Defendant's conviction under § 16-9-31(a)(1) meets the definition of a generic theft offense, the district court properly determined that Defendant's conviction for financial transaction card theft was an aggravated felony. Accordingly, the district court did not err by imposing the eight-level enhancement under § 2L1.2(b)(1)(C).

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.