**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OSCAR GALLEGOS-GALINDO, AKA
Oscar A. Gallegos-Galindo, AKA
Oscar Alsonso Gallegos-Galindo,
*Defendant-Appellant*.

No. 12-10000

D.C. No.
4:11-cr-00953-
DCB-HCE-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Ronald S.W. Lew,[*] Senior District Judge, Presiding

Argued and Submitted
November 5, 2012—San Francisco, California

Filed January 17, 2013

---

   [*] The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

Before: Robert D. Sack,[**] Ronald M Gould,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Sack

---

## SUMMARY[***]

---

### Criminal Law

The panel affirmed a sentence for illegal reentry in a case in which the district court concluded that the defendant's 2008 conviction for third-degree rape under Revised Code of Washington § 9A.44.060(1)(a) qualified as a "forcible sex offense" supporting a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(a)(1)(A).

Applying the modified categorical approach, the panel held that because the Guidelines were amended in 2008 to include as a forcible sex offense any sex offense involving the absence of the victim's consent, and because the defendant stated in his signed 2008 guilty plea that the victim did not consent, the district court did not err – plainly or otherwise – in concluding that the prior conviction was a crime of violence.

---

[**] The Honorable Robert D. Sack, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Dan W. Montgomery (argued), Tucson, Arizona, for Defendant-Appellant.

Erica L. Seger (argued), Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

SACK, Circuit Judge:

The question before us on this appeal is whether the district court, when sentencing the defendant-appellant Oscar Gallegos-Galindo, properly included a crime of violence enhancement based on the court's conclusion that the defendant's prior Washington State third-degree rape conviction qualified as a forcible sex offense under the United States Sentencing Guidelines ("the Guidelines"). *See* U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii). Because the Guidelines were amended in 2008 to include as a forcible sex offense any sex offense involving the absence of the victim's consent, we conclude that the district court did not err in entering the crime of violence enhancement in these circumstances and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2011, U.S. Border Patrol agents observed a group of persons walking in the Arizona desert. Suspecting that they had illegally entered the country, the agents arrested the members of the group, including the defendant-appellant Oscar Gallegos-Galindo.

On March 16, 2011, a Tucson grand jury returned an indictment charging Gallegos-Galindo with reentry as a removed alien in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2). On July 15, 2011, he pled guilty to the charges in the indictment without a plea agreement.

In preparing Gallegos-Galindo's pre-sentence report, the probation department considered his prior convictions. The department concluded that his 2008 Washington conviction for rape in the third degree was a "forcible sex offense" that qualified as a "crime of violence" under the Guidelines, U.S.S.G. § 2L1.2(b)(1)(A). Accordingly, Gallegos-Galindo's recommended offense level was increased by 16 levels to 24. The probation department then recommended a deduction of two points for acceptance of responsibility, resulting in an offense level of 22. Based on that offense level and his criminal history category of II, Gallegos-Galindo's Guidelines range was calculated to be 46–57 months' imprisonment.[****]

In 2008, Gallegos-Galindo was convicted in Washington of Rape in the Third Degree, a felony, in violation of Revised Code of Washington § 9A.44.060(1)(a). According to an affidavit in support of the Motion for Warrant in that case, the juvenile victim reported that she had been sexually assaulted after, at Gallegos-Galindo's demand, she entered his car from the road along which she had been walking. She said that

---

[****] The pre-sentence report also included information regarding Gallegos-Galindo's 2002 federal illegal entry conviction, for which he was sentenced to 30 days' incarceration. The report indicated that he had pending against him charges for driving under the influence in 2007 and had been arrested for the possession of a controlled narcotic substance in 2002, driving under the influence in 2002, and theft in 2004.

after stopping for coffee, Gallegos-Galindo drove her to a secluded dirt road. He then assaulted her by "kissing her mouth, biting her lips leaving a visible injury, sucking on [her] breasts, and penetrating her 'butt' with his penis . . . ." The victim "both told him 'no' and to stop, and tried to push him away but was unable to do so." The victim later used the cell phone of a passing motorist to contact police.

Gallegos-Galindo pled guilty to Rape in the Third Degree. In his February 28, 2008 statement accompanying his plea of guilty to the offense (the "Statement"), he said: "On January 23, 2007, in Skagit County, Washington, I engaged in sexual intercourse with K.A.T., to whom I wasn't married and K.A.T. did not consent to the sexual intercourse and clearly expressed that with her words and conduct." The state court found that there was a factual basis for Gallegos-Galindo's plea and convicted him under Revised Code of Washington § 9A.44.060(1)(a). On May 8, 2008, he was sentenced to twelve months in prison. After serving the sentence, Gallegos-Galindo was ordered removed from the United States by the Department of Justice, and was removed.

At his federal sentencing for the 2011 reentry now before us, the effect of the 2008 third-degree rape conviction was discussed. Defense counsel conceded that Gallegos-Galindo was "categorically level 24," implicitly acknowledging that the 16-level "crime of violence" enhancement under § 2L1.2(b)(1)(A) of the Guidelines was correctly applied. But counsel argued that factors under 18 U.S.C. § 3553(a), including deterrence and family history, ought to be considered. Counsel requested a sentence below the applicable Guidelines range. The government argued for a sentence at the high end of the range, in part because of the

seriousness of the circumstances surrounding the third-degree rape conviction.

Following argument, the district court declined Gallegos-Galindo's request for a downward departure and sentenced him to 52 months' imprisonment, in the middle of the Guidelines range. The court acknowledged that Gallegos-Galindo's criminal history category was II, but noted his many criminal convictions and other contacts with law enforcement officers over the previous decade. In arriving at its sentence, the court stated that it had considered the factors it was required to consider under 18 U.S.C. § 3553(a), the entire record, including judicially noticeable documents, the defendant's sentencing memorandum, and the pre-sentence report.

## JURISDICTION AND STANDARD OF REVIEW

Ordinarily, this Court reviews *de novo* a district court's determination that a defendant's prior conviction qualifies as a "crime of violence" for a 16-level enhancement pursuant to Guidelines § 2L1.2(b)(1)(A). *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 583 (2010); *United States v. Esparza-Herrera*, 557 F.3d 1019, 1021–22 (9th Cir. 2009) (per curiam). Where a defendant fails to raise an issue before the district court, however, we review for plain error, so long as it has been forfeited rather than deliberately waived, in which case we will decline to review it at all. *See United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008); *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

Here, defense counsel agreed with the district court that Gallegos-Galindo was "categorically level 24," essentially

admitting to the 16-level enhancement. There is no reason to think that the defendant considered objecting but did not do so for tactical reasons.  The defendant thus did not deliberately waive the objection.  He may therefore raise the issue on appeal, albeit subject to plain error review.  *See United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir. 2001).

Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citation and quotation marks omitted).  If these three conditions are met, we may exercise our discretion to notice a forfeited error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (citation omitted).

## DISCUSSION

The principal issue on appeal is thus whether the district court plainly erred in imposing upon Gallegos-Galindo in 2011 a crime of violence enhancement pursuant to Guidelines § 2L1.2(b)(1)(A) for his 2008 Washington State third-degree rape conviction.  The district court arrived at its conclusion that the enhancement was justified by reference to the Guidelines, as amended in 2008.  Before then, Application Note 1(B)(iii) to Guidelines § 2L1.2 had characterized a "crime of violence" as including three types of sexual offenses:  forcible sex offenses, statutory rape, and sexual abuse of a minor.  We had interpreted "forcible sex offenses" in cases such as this one as requiring the use of some physical force above and beyond that required for penetration.  *See United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1144 (9th Cir. 2007).

In 2008, however, the Sentencing Commission promulgated Amendment 722 (the "2008 Amendment"), which modified the definition of Application Note 1(B)(iii) to include within the definition of "forcible sex offenses" those offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.1(B)(iii). Thus, under the 2008 Amendment, indicia of additional force or violence were no longer required for the enhancement so long as consent to the sex offense was shown to be lacking.

Despite these changes, there lingered some uncertainty as to whether force above and beyond that required for penetration was still necessary for a sex offense to be forcible. Indeed, that is the argument that the defendant makes here. He argues that in *United States v. Espinoza-Morales*, 621 F.3d 1141 (9th Cir. 2010), a case involving a sex offense for which the defendant was sentenced after the effective date of the 2008 Amendment, we did not explicitly abrogate *United States v. Lopez-Montanez*, 421 F.3d 926 (9th Cir. 2005), a case in which the sex offense sentence occurred prior to the 2008 Amendment and where, unlike here, we decided that the pre-2008 additional force standard was required to be applied.

The result in *Espinoza-Morales*, however, was driven by the fact that the defendant had committed the federal re-entry offense immediately before changes to the Guidelines became effective, but was sentenced after they became effective, arguably subjecting him to a higher sentence. *Espinoza-Morales*, 621 F.3d at 1146. Although a district court usually applies the version of the Sentencing Guidelines in effect on the date of a defendant's sentencing, U.S. Sentencing

Guidelines Manual § 1B1.11, the Ex Post Facto Clause of the United States Constitution requires that if the Guidelines have undergone substantive changes that would disadvantage the defendant, then the defendant is to be sentenced under the Guidelines in effect at the time of the offense, rather then at sentencing. *See United States v. Alfaro*, 336 F.3d 876, 882 (9th Cir. 2003). It was for just that reason that we declined to apply the 2008 Guidelines in *Espinoza-Morales.* We reasoned that "if the 2008 amendment to § 2L1.2's crime of violence definition abrogated *Lopez-Montanez*, it was substantive and therefore cannot be applied to [the defendant]." *Espinoza-Morales*, 621 F.3d at 1146. In light of this change, we followed *Lopez-Montanez* because it offered an analysis of how to treat the issues prior to the 2008 Amendment to the Guidelines. *Id.*

The case at bar is critically different. The Ex Post Facto Clause would require Gallegos-Galindo to be sentenced under the Guidelines in effect at the time of his "current offense" – the offense of re-entry, not the state sex offense – rather than at the time of sentencing only if in the intervening period there was an amendment that substantively disadvantaged him. *Id.* The current offense took place on February 15, 2011, long after the 2008 Amendment to the Guidelines became effective. There was no intervening change between the offense and sentencing that would disadvantage Gallegos-Galindo, and, unlike in *Espinoza-Morales*, we would not be required to use the pre-2008 definition of a forcible sex offense and engage in a determination of whether the crime involved the use or attempted use of additional force. We can therefore rely upon the further enumeration of which forcible sex offenses constitute crimes of violence under the 2008 Amendment.

In light of this fact, for those like Gallegos-Galindo who are properly sentenced pursuant to the Guidelines after the 2008 Amendment, *Lopez-Montanez* is simply inapplicable to the extent that it required, for a crime of violence enhancement, force beyond penetration in the case of sex offenses where "consent to the conduct is not given or is not legally valid." U.S. Sentencing Guidelines Manual § 2L1.2, cmt n.1(B)(iii).

To decide whether Gallegos-Galindo's sex offense was properly characterized as a crime of violence, we ordinarily follow the categorical and modified categorical approaches outlined in *Taylor v. United States*, 495 U.S. 575 (1990); *see also Grajeda*, 581 F.3d at 1189.

Under the categorical approach, we first consider whether a prior offense "is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term." *Grajeda,* 581 F.3d at 1189 (quotation marks, alterations, and citation omitted). "If the statute of conviction is overbroad – that is, if it punishes some conduct that qualifies as a crime of violence and some conduct that does not – it does not categorically constitute a crime of violence." *Espinoza-Morales*, 621 F.3d at 1144.

The Washington statute under which Gallegos-Galindo was convicted states in relevant part:

> (1) A person is guilty of rape in the third degree when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual

intercourse with another person, not married to the perpetrator:

(a) Where the victim did not consent as defined in RCW 9A.44.010(7), to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct, or

(b) Where there is threat of substantial unlawful harm to property rights of the victim.

Wash. Rev. Code § 9A.44.060.

We need not decide whether Gallegos-Galindo's crime was categorically a crime of violence under these provisions. The government does not argue that it was. Although we have the technical power to reach a categorical analysis issue embedded in the facts, we are not required to reach an issue that is not briefed and not necessary for our decision. *See Lopez v. Smith*, 203 F.3d 1122, 1125 n.5 (9th Cir. 2000) (en banc). The government argues to us only that the Revised Code of Washington § 9A.44.060(1) was a crime of violence under the "modified categorical approach." Because we agree that it was a crime of violence under the modified categorical analysis, we need not and do not decide the issue not raised by the government as to whether it was categorically a crime of violence.

Pursuant to the modified categorical approach, Gallegos-Galindo's record of conviction reflects the fact that he "was convicted of the elements of the generically defined crime." *United States v. Vidal*, 504 F.3d 1072, 1077 (9th Cir. 2007)

(en banc). We have explained that the modified categorical approach "requires us to determine – if we can – whether the conduct for which the defendant was convicted fits within the federal definition of the offense [detailed here in the Guidelines note]." *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976 (9th Cir. 2012) (en banc). That is, we are required to find that the conviction is indeed a "predicate conviction for enhancement purposes." *United States v. Bonat*, 106 F.3d 1472, 1476 (9th Cir. 1997) (quoting *United States v. Sweeten*, 933 F.2d 765, 769-70 (9th Cir. 1991)), *cert. denied*, 522 U.S. 874 (1997). We can conclude that a conviction qualified as a crime of violence under the modified categorical approach "only if the record of conviction shows the jury [or district court, if there is no jury trial] 'necessarily' found all of the generic elements, or the defendant 'necessarily' admitted all of the generic elements in a plea." *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1131 (9th Cir. 2007) (citing *Taylor*, 495 U.S. at 599–602 and *Shepard v. United States*, 544 U.S. 13, 19–21 (2005)), *overruled on other grounds by Young*, 697 F.3d at 980.

Under the modified categorical approach, we may appropriately consider certain kinds of documentation and judicially noticeable facts when determining whether a conviction is a predicate conviction for enhancement purposes, including "the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (quoting *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir. 1999)).

The government offers Gallegos-Galindo's Statement as evidence that the sexual assault was committed without the consent of the victim.  The Statement is contained in a judicially noticeable document – a signed guilty plea – and indeed states that the victim did not consent to the offense. Gallegos-Galindo's conviction can thus be said to fall within the Guidelines' definition of "forcible sex offenses," which includes offenses "where consent to the conduct is not given . . . ."  U.S. Sentencing Guidelines Manual § 2L1.1, cmt. n.1(B)(iii).  Under the modified categorical approach, the district court therefore did not err – plainly or otherwise – when it concluded that Gallegos-Galindo's conviction for rape in the third degree was a crime of violence.  The conduct for which he was convicted does "fit[] within the . . . definition" of a crime of violence,  *Snellenberger*, 548 F.3d at 701, and he indeed did "'necessarily' admit[] all of the generic elements in [his] plea,"  *Sandoval-Lua*, 499 F.3d at 1131.

**AFFIRMED.**