**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10120 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02684-JGZ-CRP-1 |
| v. | |
| JUAN DE LA CRUZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Daniel L. Hovland, District Judge, Presiding

Submitted April 15, 2013[**]
San Francisco, California

Before: SCHROEDER, THOMAS and SILVERMAN, Circuit Judges.

Defendant-Appellant Juan De La Cruz-Lopez was convicted of illegal

reentry following deportation under 8 U.S.C. § 1326 and now appeals his sentence.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

He argues that a prior conviction in Rhode Island for second degree child molestation sexual assault does not qualify as a "crime of violence" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) and thus a 16-level sentencing enhancement was improperly applied to increase his Guidelines range. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), and now affirm.

In 2009, Defendant pled nolo contendere to second-degree child molestation sexual assault under Rhode Island General Laws § 11-37-8.3. The prosecution recited the facts it would establish at trial, which Defendant admitted, specifically that he engaged in sexual contact with a 13-year-old girl by touching her "genital region." Application Note 1.B(iii) to U.S. Sentencing Guidelines Manual § 2L1.2 lists "sexual abuse of a minor" as one of the qualifying "crimes of violence" for a 16-level enhancement. The district court ruled that Defendant's prior conviction constituted "sexual abuse of a minor" in that sexual contact with a 13-year-old was "per se abusive." We agree.

In order to determine whether a state conviction qualifies as a "crime of violence" for sentencing enhancements, we may apply either the categorical or modified categorical approaches. *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). Under the former, "we compare the elements of the statute of conviction

with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (citation and quotation marks omitted). And under the latter, "[w]e can conclude that a conviction qualifie[s] as a crime of violence under the modified categorical approach" if "the defendant necessarily admit[s] all of the generic elements in a plea." *United States v. Gallegos-Galindo*, 704 F.3d 1269, 1274 (9th Cir. 2013) (citations and quotation marks omitted).

The Ninth Circuit has recognized two generic definitions for sexual abuse of a minor. *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 430 (9th Cir. 2011) (collecting cases). "[A] state offense will be a categorical match for 'sexual abuse of a minor' if it fits *either* definition." *United States v. Farmer*, 627 F.3d 416, 421 (9th Cir. 2010). The first defines "sexual abuse of a minor" by reference to the elements of 18 U.S.C. § 2243, the federal crime of the same name. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc). The second generic definition of "sexual abuse of a minor" contains three elements: "whether the conduct proscribed by the statute is sexual; whether the statute protects a minor; and whether the statute requires abuse." *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009); *id*. at 514 (construing *Estrada-Espinoza* as applicable to "statutory rape crimes only").

3

For the generic definition articulated by *Medina-Villa*, "[a] criminal statute includes the element of 'abuse' if it expressly prohibits conduct that causes 'physical or psychological harm in light of the age of the victim in question.'" *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1014 (9th Cir. 2009) (quoting *Medina-Villa*, 567 F.3d at 513). We have further held that sexual conduct is "per se abusive" when the victim is less than 14 years old. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999).

Therefore, applying the modified categorical approach, the facts in this case establish the generic offense as defined in *Medina-Villa* and *Baron-Medina*. During the change-of-plea colloquy in Rhode Island, the factual basis for the plea established that, at the time of the offense, Defendant was 25 and the victim 13, and that he had "sexual contact" with that victim by touching her "genital region." Thus, the act was sexual; the victim was a minor; and because that minor was under 14 years old, the sexual contact was per se abusive. Accordingly, the prior Rhode Island conviction qualifies as "sexual abuse of a minor" and therefore qualifies as a "crime of violence" under U.S. Sentencing Guidelines Manual § 2L1.2, justifying the application of a 16-level enhancement.

**AFFIRMED.**

4