**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10369 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-04043-RCC-HCE-1 |
| v. | |
| JOSUE GONZALEZ-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted July 10, 2013[**]
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Josue Gonzalez-Reyes appeals the sentence imposed following a guilty plea

to one count of illegal reentry in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** The district court did not err in concluding that Minnesota defines aiding and abetting liability no more broadly than federal law. *See State v. Ulvinen*, 313 N.W.2d 425, 428–29 (Minn. 1981); *State v. Kessler*, 470 N.W.2d 536, 542 (Minn. App. 1991).

**2.** We reject Gonzalez-Reyes's argument that applying the 2011 version of the Sentencing Guidelines to his 2012 illegal reentry conviction violates the Ex Post Facto Clause. The relevant "offense" for ex post facto purposes is "the offense of re-entry, not the state . . . offense." *United States v. Gallegos-Galindo*, 704 F.3d 1269, 1273 (9th Cir. 2013); *accord Peugh v. United States*, 133 S. Ct. 2072, 2088 (2013).

**3.** The district court nonetheless erred in concluding that Gonzalez-Reyes's Minnesota conviction was a "drug trafficking offense" under the 2011 Sentencing Guidelines.[1] *See* U.S.S.G. § 2L1.2(b)(1)(A) (2011).

The Minnesota statute under which Gonzalez-Reyes was convicted is "divisible" because it "sets out one or more elements of the offense in the alternative." *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

---

[1] We review de novo "because the legal issue[] . . . fall[s] within the exceptions to plain error review described by *United States v. Saavedra–Velazquez,* 578 F.3d 1103, 1106 (9th Cir. 2009)." *See United States v. Green*, — F.3d — , 2013 WL 3467098, at *1 n.2 (9th Cir. July 11, 2013).

Specifically, the statute of conviction covers both sales and possession crimes. *See* Minn. Stat. § 152.021. We therefore may "consult" the "jury instructions[] to determine which alternative formed the basis of" Gonzalez-Reyes's Minnesota conviction. *See Descamps*, 133 S. Ct. at 2281. The instructions make clear that he was convicted under Minnesota Statute § 152.021 subdivision 1(1), for "unlawfully sell[ing] one or more mixtures of a total weight of ten grams or more containing . . . methamphetamine."

That offense, in turn, "sweep[s] more broadly" than the Guidelines definition of a "drug trafficking offense." *See Descamps*, 133 S. Ct. at 2283; U.S.S.G. § 2L1.2(b)(1)(A) & app. n.1(B)(iv) (2011). In particular, Minnesota defines to "sell" to include "to offer" "to . . . give away, barter, deliver, exchange, distribute or dispose of to another." Minn. Stat. § 152.01 subdiv. 15a(1)–(2). We have held that the Guidelines are narrower, and exclude "offers to . . . furnish, administer, or give away" controlled substances. *See United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004). Since our decision in *Navidad-Marcos*, the Guidelines definition of a "drug trafficking offense" has been amended to include a conviction for an "offer to sell" a controlled substance. *See* U.S.S.G. App'x C, Amend. 722 (2008); U.S.S.G. § 2L1.2(b)(1)(A) & app. n.1(B)(iv) (2011). But nothing in the plain text of that amendment or the

3

accompanying commentary suggests that a drug trafficking offense now includes other types of offers, such as an offer to "give away" a controlled substance. *Cf. Navidad-Marcos*, 367 F.3d at 908; Minn. Stat. § 152.01 subdiv. 15a(1)–(2).

We therefore conclude that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2.

**4.** Under our case law, the government may refuse to move for a discretionary one-level downward adjustment under U.S.S.G § 3E1.1(b) solely on the ground that the defendant has declined to waive his right to appeal. *See United States v. Johnson*, 581 F.3d 994, 1002 (9th Cir. 2009). Gonzalez-Reyes's argument to the contrary is therefore foreclosed at present.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**