**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10015 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00848-RCC-BGM-1 |
| v. | |
| MIGUEL ANDRES MENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted January 14, 2014[**]
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Miguel Andres Mendez appeals his sentence following a plea of guilty to a violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

The district court did not plainly err in imposing a sixteen-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. *See United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013) (stating that the court reviews for plain error when a defendant fails to raise an issue before the district court). Mendez was convicted of violating Wisconsin Statute § 940.225(3), which prohibits *either* sexual intercourse without consent *or* sexual contact without consent. Applying the modified categorical approach, Mendez's conviction qualifies as a "crime of violence" because it constitutes a "forcible sex offense" under U.S.S.G. § 2L1.2. *See Descamps v. United States*, — U.S. —, 133 S. Ct. 2276, 2281–82 (2013) (permitting application of the modified categorical approach only if a defendant was convicted of violating a divisible statute); *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1227 n.4 (9th Cir. 2008) (explaining that the defendant's entry of an *Alford* plea does not preclude the application of the modified categorical approach). The judicially noticeable documents that the government submitted to the district court demonstrate that Mendez was convicted of third-degree sexual assault for having sexual intercourse

2

with the victim without the victim's consent. *See Gallegos-Galindo*, 704 F.3d at 1274–75 (holding that sexual intercourse without the victim's consent constitutes a "forcible sex offense").

**AFFIRMED.**