**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30045 |
| Plaintiff - Appellee, | D.C. No. 9:12-cr-00014-DWM |
| v. | |
| KENNETH DANIEL CHRESTENSEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Kenneth Daniel Chrestensen appeals from the district court's judgment and

challenges the 168-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Chrestensen contends that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). First, he argues that there was insufficient evidence that he possessed the recovered firearms. Contrary to the government's contention, Chrestensen did not waive this issue. *See United States v. Olano,* 507 U.S. 725, 733 (1993) (waiver is intentional relinquishment of a known right). However, because Chrestensen did not raise this issue before the district court, it is forfeited and we review for plain error. *See United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013). The district court did not plainly err because Chrestensen conceded that the recovered firearms were his.

Second, Chrestensen contends that the district court erred in imposing the enhancement because the connection between the recovered firearms and his offense is clearly improbable. We review a district court's findings of fact for clear error. *See United States v. Lopez-Sandoval*, 146 F.3d 712, 714 (9th Cir. 1998). The record reflects that Chrestensen had weapons in his residence during the course of his participation in a drug conspiracy. Under these circumstances, the district court did not clearly err in concluding that Chrestensen possessed firearms in connection with his offense. *See id*. at 715-16.

**AFFIRMED.**

13-30045