**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 13-10087 |
| v. | D.C. No. 4:12-cr-02145-DCB-LAB-1 |
| JUAN QUINTERO-JUNCO, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
May 14, 2014—San Francisco, California

Filed June 12, 2014

Before: M. Margaret McKeown and Milan D. Smith, Jr.,
Circuit Judges, and James L. Robart, District Judge.[*]

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable James L. Robart, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a sentence for illegal reentry after deportation in a case in which the district court applied an enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the ground that the defendant's prior conviction for attempted sexual abuse under Arizona Revised Statutes § 13-1404 was a forcible sex offense and thus a crime of violence.

The panel held that because the district court adequately considered the Sentencing Guidelines in fashioning the defendant's sentence, its sentencing methodology was proper.

The panel held that the district court properly analyzed the defendant's prior conviction under the modified categorical approach because § 13-1404 is divisible. The panel held that the district court, which did not have the benefit of *Descamps v. United States*, misapplied the modified categorical approach by looking behind the defendant's conviction in search of record evidence that he actually committed the generic offense, but that the error was inconsequential because the elements of the statutory prong under which the defendant was convicted categorically match the elements of the generic definition of forcible sex offense.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Myrna R. Beards (argued), Tucson, Arizona, for Defendant-Appellant.

Erica L. Seger (argued), Assistant United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

In this appeal, we consider whether the district court gave adequate weight to the United States Sentencing Guidelines (USSG or Guidelines) when sentencing Defendant-Appellant Juan Gregorio Quintero-Junco. We also consider whether Quintero-Junco's prior conviction for attempted sexual abuse, in violation of Arizona Revised Statutes (ARS) § 13-1404, constitutes a "forcible sex offense," and therefore a "crime of violence," under the Guidelines. *See* USSG § 2L1.2 cmt. n.1(B)(iii). Because the district court adequately considered the Guidelines in fashioning Quintero-Junco's sentence, we conclude that the court's sentencing methodology was proper. Applying the modified categorical approach, we further conclude that the portion of ARS § 13-1404 under which Quintero-Junco was previously convicted is categorically a forcible sex offense. We therefore affirm the judgment of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Quintero-Junco, a citizen of Mexico, was arrested in Arizona on September 27, 2012. Because he had previously

been deported on June 10, 2008, he was charged with illegal reentry after deportation, in violation of 8 U.S.C. § 1326.

On December 6, 2012, Quintero-Junco pleaded guilty to the indictment without a plea agreement. On January 11, 2013, the Probation Office produced its Presentence Investigation Report (PSR), which noted that Quintero-Junco had previously been convicted of attempted sexual abuse, in violation of ARS § 13-1404. The PSR classified Quintero-Junco's prior conviction as a "forcible sex offense," and therefore a "crime of violence," which would subject him to a sentencing enhancement under USSG § 2L1.2(b)(1)(A)(ii). Quintero-Junco objected to the enhancement.

The district court sentenced Quintero-Junco on February 14, 2013. At the sentencing hearing, the court first calculated the applicable Guidelines range. In so doing, the court explained that Quintero-Junco's prior Arizona conviction was "potentially . . . categorically a crime of violence." The court then determined, however, that "the plea transcript that has been filed, and the factual basis for the plea in the case, and . . . judicially noticeable documents" showed that the prior conviction constituted a crime of violence under the modified categorical approach. The court therefore concluded that Quintero-Junco was subject to a twelve-level enhancement and calculated his total offense level under the Guidelines to be seventeen. The district court then calculated Quintero-Junco's Guidelines range to be between twenty-seven months and thirty-three months of incarceration.

Nevertheless, the district court explained that the Guidelines calculation "doesn't really matter" in Quintero-Junco's case. Instead of imposing a sentence within the Guidelines range, the district court sentenced Quintero-Junco

principally to a term of fifty-two months of incarceration. According to the district court, Quintero-Junco's criminal history, including his previous incarceration for illegal reentry, militated in favor of a custodial sentence of longer than seventy-seven months. However, the court ultimately sentenced Quintero-Junco to fifty-two months of imprisonment on account of the age of Quintero-Junco's criminal record, as well as his "age and infirmity." Quintero-Junco timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review unpreserved claims of procedural error at sentencing for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). We review de novo a district court's determination that a prior conviction constitutes a crime of violence under the Guidelines. *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1243 (9th Cir. 2014) (citing *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1174 (9th Cir. 2012)).

## DISCUSSION

Quintero-Junco asserts that the district court committed two reversible errors in connection with his sentencing. First, although he did not raise this argument in the district court, Quintero-Junco contends on appeal that the court gave inadequate weight to the Guidelines. Second, he argues that the district court erroneously classified his prior Arizona conviction for attempted sexual abuse as a forcible sex offense, and therefore a crime of violence. We reject both of these arguments.

## I.  Sentencing Methodology

Quintero-Junco argues, for the first time on appeal, that the district court gave inadequate weight to the applicable Guidelines range when imposing his sentence.  Even though the Guidelines are advisory, "the district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the 'starting point and the initial benchmark.'"  *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).  Thus, we have explained that "[a] district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."  *Munoz-Camarena*, 631 F.3d at 1030.  According to Quintero-Junco, the district court contravened this procedure by stating at the beginning of the sentencing hearing that it did not intend to impose a Guidelines sentence.

At the outset of the sentencing hearing, the district court stated that it believed that the Guidelines would provide "poor advice" in this case given Quintero-Junco's record of recidivism.  The district court further explained that defense counsel's arguments against the sentencing enhancement would not "help Mr. Quintero-Junco" because the Guidelines were "not going to guide" the court in imposing a sentence.  Based on these comments, Quintero-Junco contends that the district court failed to treat the Guidelines as its starting point.

Quintero-Junco misreads the record.  To be sure, the district court acknowledged early in the hearing that it intended to vary from the Guidelines in imposing a sentence.  But the court followed the required procedure in doing so.

While Quintero-Junco contends that the district court gave the Guidelines short shrift, the court expressly recognized that it was "obligat[ed] to find the [G]uidelines . . . because it's a starting point for a number of things."  The district court then explained that it would vary from the recommended Guidelines range because Quintero-Junco had re-offended in spite of having previously received a "very, very long sentence" for the same offense.  Indeed, the district court specifically noted that, in light of Quintero-Junco's criminal history, an above-Guidelines sentence was required "to promote respect for the law" and to deter Quintero-Junco from offending yet again.  *See* 18 U.S.C. § 3553(a) (directing courts to consider "deterrence" and the need "to promote respect for the law" in imposing a sentence).

Accordingly, the district court did not commit any methodological error, much less plain error.  The court acknowledged that it was required to start with a Guidelines calculation, and then it relied on the § 3553(a) factors to impose a non-Guidelines sentence.  The court therefore properly treated the Guidelines as its starting point, *see Munoz-Camarena*, 631 F.3d at 1030, and it adequately "explain[ed] the sentence selected, including any deviation from the Guidelines range." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (affirming a sentence where the district court "considered the guidelines and imposed what it felt was the appropriate sentence").  For these reasons, Quintero-Junco's argument that the district court failed adequately to consider the Guidelines is without merit.

## II. Crime of Violence Enhancement

Quintero-Junco next contends that the district court erroneously classified his prior Arizona conviction for attempted sexual abuse as a forcible sex offense, and thus a crime of violence. As a result of this classification, the district court found Quintero-Junco eligible for a twelve-level sentencing enhancement. Quintero-Junco contends that the district court erred in this respect, and therefore miscalculated the applicable Guidelines range. But Quintero-Junco's argument is unavailing, because (1) the modified categorical approach applies; and (2) Quintero-Junco's prior conviction for attempted sexual abuse constitutes a forcible sex offense under that analysis.[1]

### A. Legal Framework

Under the Guidelines, the base offense level for a violation of 8 U.S.C. § 1326—the crime for which Quintero-Junco was sentenced here—is eight. *See* USSG § 2L1.2(a). However, "[i]f the defendant was previously deported after being convicted of a felony that constitutes a 'crime of violence,'" the offense level increases. *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 (9th Cir. 2013) (quoting USSG § 2L1.2(b)(1)(A)(ii)). As relevant here, a "crime of violence" is defined to include "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." USSG § 2L1.2 cmt. n.1(B)(iii). Further, "an attempt to commit a crime of

---

[1] We have previously held that Arizona's definition of attempt is coextensive with the federal definition. *See United States v. Taylor*, 529 F.3d 1232, 1238 (9th Cir. 2008).

violence is itself a crime of violence." *United States v. Wenner*, 351 F.3d 969, 976 (9th Cir. 2003) (citing USSG § 4B1.2 cmt. n.1).

To determine whether a prior conviction constitutes a crime of violence, courts generally apply the "formal categorical approach" established in *Taylor v. United States*, 495 U.S. 575, 600 (1990). Under the categorical approach, "sentencing courts compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Caceres-Olla*, 738 F.3d at 1054 (quoting *Valencia-Barragan*, 608 F.3d at 1107) (internal quotation marks omitted). "If the statute of conviction 'sweeps more broadly than the generic crime, a conviction under that law cannot count as [a qualifying] predicate, even if the defendant actually committed the offense in its generic form.'" *Caceres-Olla*, 738 F.3d at 1054 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)).

The categorical approach precludes sentencing courts from considering information other than the respective elements of the crime of conviction and the generic federal crime. *Descamps*, 133 S. Ct. at 2283. In a "narrow range of cases," however, sentencing courts may instead apply the "modified categorical approach," and "may look beyond the statutory elements to the charging paper and jury instructions to determine whether the defendant's conviction necessarily involved facts corresponding to the generic federal offense." *Caceres-Olla*, 738 F.3d at 1054 n.2 (quoting *Descamps*, 133 S. Ct. at 2283–84) (internal quotation marks omitted). As the Supreme Court recently clarified in *Descamps*, courts may employ the modified categorical approach only when the statute of conviction is "divisible," in that it "lists multiple,

alternative elements, and so effectively creates 'several different . . . crimes.'" *Descamps*, 133 S. Ct. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

Where a statute of conviction is divisible, a sentencing court employing the modified categorical approach may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281. "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id.* If the elements of the statutory alternative under which the defendant was convicted are broader than the generic crime, the prior conviction "cannot count as [a qualifying] predicate." *Id.* at 2283.

## B. Modified Categorical Approach

The district court properly analyzed Quintero-Junco's prior conviction under the modified categorical approach because the Arizona statute under which he was convicted is divisible. Under ARS § 13-1404, "[a] person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast." As this language demonstrates, a defendant can violate the statute in two distinct ways. First, a defendant violates the statute if he "intentionally or knowingly engag[es] in sexual contact with any person who is fifteen or more years of age without consent of that person." *Id.* Alternatively, a defendant also violates the

statute if he "intentionally or knowingly engag[es] in sexual contact . . . with any person who is under fifteen years of age if the sexual contact involves only the female breast." *Id.*

Because the Arizona statute "list[s] potential offense elements in the alternative," it is divisible, and the modified categorical approach may be applied to discern the prong under which Quintero-Junco was convicted. *See Descamps*, 133 S. Ct. at 2283.

### C. Forcible Sex Offense

Although the district correctly recognized that the modified categorical approach applies here, the court—which did not have the benefit of *Descamps*— misapplied the modified categorical approach by "look[ing] behind [Quintero-Junco's] conviction in search of record evidence that he actually committed the generic offense." *See id.* at 2293. Specifically, the district court reviewed the transcript of Quintero-Junco's plea colloquy, which showed that Quintero-Junco was accused of attempting forcibly to remove a woman's clothing in order to touch her breasts. The court found by "clear and convincing evidence" that such conduct constituted a forcible sex offense, and therefore a crime of violence. Under *Descamps*, this approach was erroneous. Rather than determining whether Quintero-Junco "actually" committed the generic crime, the district court should have instead analyzed whether the elements of the statutory prong under which Quintero-Junco was convicted correspond to those of the generic federal offense.

Nonetheless, the district court's error was inconsequential. As discussed above, the modified categorical approach applies here because the Arizona statute

under which Quintero-Junco was convicted is divisible. And, as discussed below, the elements of the statutory prong under which Quintero-Junco was convicted categorically match the elements of the generic definition of forcible sex offense. Thus, even though the district court's application of the modified categorical approach was flawed, the court's ultimate conclusion was correct.

A proper application of the modified categorical approach reveals that Quintero-Junco was convicted under the first prong of the Arizona statute, which criminalizes "intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person." ARS § 13-1404. Under *Descamps*, courts applying the modified categorical approach are permitted to look to the indictment to ascertain the statutory alternative under which a defendant was convicted. *See Descamps*, 133 S. Ct. at 2284. And here, the Arizona indictment to which Quintero-Junco pleaded no contest shows that the victim of the crime was fifteen or more years of age and that she did not consent to any sexual contact.

The elements of the statutory prong under which Quintero-Junco was convicted categorically match the elements of the generic definition of forcible sex offense. In 2008, the United States Sentencing Commission modified the definition of "forcible sex offense" to include those offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." USSG § 2L1.2 cmt. n.1(B)(iii); *see also United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013). After the 2008 amendment, "indicia of additional force or violence [are] no longer required for the [forcible sex offense] enhancement so long as consent to the

sex offense [is] shown to be lacking." *Gallegos-Galindo*, 704 F.3d at 1272. Thus, under the amended Guidelines, a forcible sex offense simply "requires a sexual act where 'consent to the conduct': (1) 'is not given'; or (2) 'is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced.'" *Caceres-Olla*, 738 F.3d at 1054–55 (quoting USSG § 2L1.2 cmt. n.1(B)(iii)).

Because the applicable prong of the Arizona statute criminalizes non-consensual sexual contact with a person over fifteen years of age,  it fits comfortably within the broad definition of forcible sex offense. Accordingly, the district court properly determined that Quintero-Junco's prior conviction for attempted sexual abuse constitutes a forcible sex offense, and the court did not err in applying an enhancement under the Guidelines.

In arguing against this conclusion, Quintero-Junco counters that his prior conviction does not constitute a forcible sex offense because the Arizona statute under which he was convicted does not have penetration as an element. As Quintero-Junco observes, Arizona law defines "sexual contact" to include not only penetration, but also "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast." ARS § 13-1401(2). Thus, Quintero-Junco contends that the Arizona statute under which he was convicted is not categorically a forcible sex offense, as it also criminalizes what he characterizes as "non-violent non-consensual indirect touching of an intimate area." According to Quintero-Junco, the term "forcible" would be superfluous if such non-violent offenses constituted forcible sex offenses. *See United States v. Bolanos-Hernandez*, 492 F.3d 1140, 1145 (9th Cir. 2007) (rejecting an

interpretation of the Guidelines that would "render any of its provisions mere surplusage"). Quintero-Junco thus urges that only offenses involving penetration constitute forcible sex offenses.

Quintero-Junco's argument is foreclosed by the plain language of the 2008 amendment to the Guidelines and our case law construing it. As discussed above, the 2008 amendment expanded the definition of forcible sex offense to include offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." USSG § 2L1.2 cmt. n.1(B)(iii). Applying this language, we have explained that the Guidelines now "include as a forcible sex offense *any* sex offense involving the absence of the victim's consent." *Gallegos-Galindo*, 704 F.3d at 1270 (emphasis added); *see also Caceres-Olla*, 738 F.3d at 1054–55.

Contrary to Quintero-Junco's assertion, *Gallegos-Galindo* does not support his narrow interpretation of forcible sex offense. In that case, we held that, following the 2008 amendment, "force beyond penetration" is not required for a prior conviction to constitute a forcible sex offense. *Id.* at 1273. Relying on this language, Quintero-Junco argues that *Gallegos-Galindo* implicitly suggests that all forcible sex offenses must include penetration as an element. But we explained in clear terms in *Gallegos-Galindo* that *any* sex offense committed without the consent of the victim constitutes a forcible sex offense. *Id.* at 1274. Thus, *Gallegos-Galindo* provides no support for Quintero-Junco's

contention that forcible sex offenses must have penetration as an element.[2]

Our decision in *Gallegos-Galindo* is not an aberration. To the contrary, several of our sister circuits have likewise held that any sex offense involving a lack of consent is a forcible sex offense. For example, the Eleventh Circuit recently explained that "any nonconsensual sexual contact will satisfy the guidelines definition of 'forcible sex offense.'" *United States v. Contreras*, 739 F.3d 592, 597 (11th Cir. 2014). While the Eleventh Circuit acknowledged that "[i]t may seem odd that the term '*forcible* sexual offenses' is defined to include crimes that do not have physical force as an element," the court concluded that the post-2008 definition "could hardly be any clearer" that lack of consent is sufficient. *Id.* at 596. The Tenth Circuit has similarly explained that "[w]hen an offense involves sexual contact with another person, it is necessarily forcible when that person does not consent." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1142 (10th Cir. 2011) (internal quotation marks omitted). And the Fifth Circuit has held that a conviction under a state statute prohibiting non-consensual "touch[ing] of the victim's intimate parts" constitutes a forcible sex offense. *United States v. Diaz-Corado*, 648 F.3d 290, 293 (5th Cir. 2011). In urging us to read a penetration

---

[2] Quintero-Junco cites no authority suggesting that only crimes involving penetration constitute "sex offenses." And the ordinary meaning of "sex offense" is not so limited. For instance, we have previously cited Black's Law Dictionary for the proposition that "a 'sexual offense' 'involv[es] unlawful sexual conduct.'" *Bolanos-Hernandez*, 492 F.3d at 1144 (quoting Black's Law Dictionary 1112 (8th ed. 2004)). Similarly, 42 U.S.C. § 16911(5)(A)(i) defines "sex offense" as "a criminal offense that has an element involving a sexual act or sexual contact with another."

requirement into the expanded definition of forcible sex offense, Quintero-Junco not only asks us to depart from our decision in *Gallegos-Galindo*, but also to part company with our sister circuits.  We decline to do so.

For these reasons, Quintero-Junco's prior conviction constitutes a forcible sex offense.  The district court thus correctly applied the "crime of violence" enhancement when calculating Quintero-Junco's Guidelines range.

## CONCLUSION

The district court properly treated the Guidelines as its starting point, and the court correctly concluded that Quintero-Junco's prior Arizona conviction for attempted sexual abuse constitutes a forcible sex offense. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**