FILED

NOT FOR PUBLICATION

AUGUST 25 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERMAN ACOSTA-SALINAS,

Defendant - Appellant.

No. 13-10452

D.C. No. CR 12-1495-TUC-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted August 11, 2014
San Francisco, California

Before: SILVERMAN and CLIFTON, Circuit Judges, and WATSON, District Judge.[**]

German Acosta-Salinas appeals his conviction by conditional guilty plea and

sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Derrick Kahala Watson, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

challenges both the district court's (1) denial of his 8 U.S.C. § 1326(d) motion collaterally attacking his prior deportation, and (2) 16-level sentencing enhancement based on a prior conviction for a "crime of violence."

The denial of a motion to dismiss an indictment under 8 U.S.C. § 1326(d) involves mixed questions of law and fact; we review the legal claims *de novo* and the district court's findings of fact for clear error. *United States v. Ramos*, 623 F.3d 672, 679-80 (9th Cir. 2010). We review *de novo* the district court's determination that a prior conviction constitutes a "crime of violence" under the United States Sentencing Guidelines ("U.S.S.G."). *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1243 (9th Cir. 2014). We affirm.

Acosta-Salinas moved to dismiss the indictment pursuant to 8 U.S.C. § 1326(d), arguing that his prior conviction for sexual abuse under Arizona Revised Statutes ("A.R.S.") § 13-1404 was not a crime involving moral turpitude and that the immigration judge therefore incorrectly advised him that he was ineligible for relief. We apply the modified categorical approach. *See United States v. Quintero-Junco*, 754 F.3d 746, 751-52 (9th Cir. 2014). Pursuant to that approach, and upon consideration of Acosta-Salinas' record of conviction, we conclude that both the immigration judge and district court correctly determined Acosta-Salinas' sexual abuse conviction to be a crime of moral turpitude because Acosta-Salinas'

2

intended sexual contact with the adult victim was without her consent and actually harmed her. *See Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1267 (9th Cir. 2013). The district court properly denied Acosta-Salinas' Motion Challenging Prior Deportation.

Acosta-Salinas also argues that his conviction for sexual abuse is not a "forcible sex offense" and that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a "crime of violence." A conviction under A.R.S. § 13-1404 for non-consensual sexual contact with a person over fifteen years of age is a "forcible sex offense," such that it constitutes a "crime of violence" for purposes of the enhancement. *See Quintero-Junco*, 754 F.3d at 753-54. The sentence imposed by the district judge was not in error.

**AFFIRMED**.