**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10289 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01285-GMS |
| v. | |
| CLIFTON YAZZIE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted November 27, 2018**

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Clifton Yazzie appeals from the district court's judgment and challenges the

ten-year term of supervised release and two special conditions imposed following

his guilty-plea conviction for failure to register as a convicted sex offender in

violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and we affirm.

As an initial matter, the government argues that Yazzie waived all of his arguments on appeal. We are not persuaded that Yazzie's request for a 10-year supervised release term and shorter custodial sentence, or his agreement to certain modifications to the challenged conditions, constitutes waiver. *See United States v. Gallegos-Galindo*, 704 F.3d 1269, 1272 (9th Cir. 2013) (no waiver absent evidence that defendant failed to object for tactical reasons). However, because Yazzie did not object in the district court to the supervised release term, or to the two challenged conditions, we review for plain error. *See id.*

Yazzie first contends that the district court procedurally erred by failing to adequately explain why it imposed a term of supervised release double that of the Guidelines' recommendation. The presentence report, which the district court adopted, stated that the Guidelines range was five years, but recommended an upward variance to ten years to allow probation "to monitor the defendant in the community and provide him with necessary services to reduce his risk to the community." The court's statements at sentencing regarding Yazzie's refusal to obtain treatment and the danger he poses to the public make clear that it was persuaded by probation's recommendation. The court did not plainly err in failing to provide a lengthier explanation. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation can be inferred from the record).

Yazzie next challenges special condition eight, which restricts Yazzie from possessing material depicting sexually explicit conduct that involves "explicitly sexually stimulating depictions of sexual conduct that are deemed inappropriate by [his] probation officer," and prohibits him from patronizing any place where such materials are available or entering any location where the "primary function" is to provide these materials. Contrary to Yazzie's argument, this condition is neither vague nor overbroad. *See United States v. Gnirke,* 775 F.3d 1155, 1166 (9th Cir. 2015). Moreover, the condition is substantively reasonable in light of Yazzie's underlying offense and failure to complete sex offender treatment. *See* 18 U.S.C. § 3583(d); *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).

Finally, Yazzie challenges special condition nine, which prohibits Yazzie from directly or indirectly contacting the victim or victim's family of his underlying sexual offense without prior written permission from his probation officer. Yazzie argues that, because his grandmother is a member of the victim's family, this condition unduly impinges upon his right to familial association. Contrary to Yazzie's argument, the district court stated enough to justify this condition, even assuming that it affects a significant liberty interest. *See Wolf Child*, 699 F.3d at 1090. Moreover, the condition is not impermissibly vague or overbroad, nor is it substantively unreasonable. *See id.*

**AFFIRMED.**

17-10289